IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO.: 3:17-cv-03440-JMC |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | **GRANTING DEFAULT JUDGMENT** |
| ) | |
| JEFFREY P. CLARK and CATHY M. CLARK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The United States of America (the "Government") filed this action against Defendants Jeffrey P. Clark and Cathy M. Clark (together "Defendants") "to reduce to judgment unpaid individual federal tax liabilities and penalties owed" and to foreclose on federal tax liens against Defendants' real property located at 1805 Windmill Road, Leesville, South Carolina 29070 (the "Subject Property"). (ECF No. 1 at 1 ¶ 1.)

This matter is before the court by way of the Government's unopposed Motion for Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (ECF No. 15.) For the reasons set forth below, the court **GRANTS** the Government's Motion for Default Judgment.

I.     **JURISDICTION**

"A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment." *E.g., United States v. Pacheco*, C/A No. 1:17cv0054 (LO/JFA), 2017 WL 3638077, at *2 (E.D. Va. July 10, 2017). This court has subject matter jurisdiction over the Government's claims via 28 U.S.C. § 1331, as the claims arise under the laws of the United States, and also via 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. § 7402, which empower district courts to hear claims arising under the Internal Revenue Code. Because

1

Defendants reside in this judicial district (*see infra.* ¶ 2), they are subject to the court's personal jurisdiction.

## II. RELEVANT BACKGROUND TO THE PENDING MOTION

1. On December 20, 2017, the Government filed the Complaint against Defendants in this action. (ECF No. 1.)

2. On March 1, 2018, Defendants signed Waivers of the Service of Summons expressly acknowledging that the failure to answer or otherwise plead would result in a default judgment. (ECF Nos. 7-1, 8-1.)

3. Pursuant to Rule 4(d)(3), Defendants were required to answer or otherwise respond to the Complaint within sixty (60) days from March 1, 2018, the date the request for waiver of service was sent. (ECF Nos. 7-1, 8-1.)

4. Thereafter, on March 8, 2018, the Government effectuated service of the Summons and Complaint on Defendants by United States mail sent to their address at 1805 Windmill Road, Leesville, South Carolina 29070. (ECF Nos. 7 at 1–2, 8 at 1–2.)

5. The Government filed the Waivers of the Service of Summons on March 8, 2018. (*Id.*)

6. Defendants failed to answer the Complaint, move in response to the Complaint, or otherwise serve a responsive pleading on or before April 30, 2018.

7. Thereafter, on May 15, 2018, the Government filed a Request for Entry of Default. (ECF No. 12.)

8. The Clerk of Court entered default in favor of the Government on May 15, 2018. (ECF No. 13.)

9. On July 13, 2018, the Government filed the instant Motion for Default Judgment.

(ECF No. 15.)

### III. LEGAL STANDARD

10. Rule 55(b)(2) provides for the entry of default judgment by the court against a party in default. Fed. R. Civ. P. 55(b)(2).

11. When the defendant has failed to respond to the complaint and is in default, the court should accept the facts as set forth in the complaint. *See* Fed. R. Civ. P. 8(b)(6); *see also Direct TV, Inc. v. Rawlins*, 523 F. 3d 318, 322 n.1 (4th Cir. 2009); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("A Defendant in default concedes the factual allegations of the Complaint.").

12. "Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be 'treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" *United States v. Forbes*, Case No. 1:17-cv-00530 (LMB/IDD), 2017 WL 5433201, at *2 (E.D. Va. Aug. 24, 2017) (quoting *Ryan*, 253 F.3d at 780). "Instead, the Court must 'determine whether the well-pleaded allegations in [the][] complaint support the relief sought in [the][] action." *Id.* (citation omitted).

13. "If the court finds that liability is established, it must then turn to the determination of damages." *Entrepreneur Media, Inc. v. JMD Entm't Grp., LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (citing *Ryan*, 253 F.3d at 780–81). "The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005)). "Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default: '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.'" *Id.* (quoting Fed. R. Civ. P. 54(c).)

## IV. ANALYSIS

After careful review of the Government's Complaint (ECF No. 1), its Motion for Default Judgment (ECF No. 15), and all exhibits attached thereto including the Declaration of Revenue Officer Shane Allen (ECF No. 15-1), the undisputed allegations are that:

14. In 2005 and 2007, Defendants worked and earned wages. (ECF No. 1 at 3 ¶ 9.)

15. Defendants' employers reported the wages they paid to Defendants and the federal tax withheld from their paychecks. (*Id.*)

16. Defendants filed tax forms together as married taxpayers filing jointly showing $0 in taxable wages and seeking a refund of all of the tax that had been withheld by their employers. (*Id.* ¶ 10)

17. In Count I of the Complaint – Reduce Taxpayers' Unpaid Federal Income Tax Liabilities to Judgment, the Government alleges that the Internal Revenue Service ("IRS") properly assessed federal income taxes against Defendants on the wages they received in 2005 and 2007, plus penalties, interest, and other statutory additions, as follows:

| Tax Year | Date of Assessment | Amount Assessed | | |
|---|---|---|---|---|
| | | Tax | Interest | Penalties |
| 2005 | 12/24/2007 | | | |
| | 11/23/2009 | $4,073.72 | $346.71 | |
| | 06/04/2012 | | | $1,450.03 (failure to pay) |
| | 06/17/2013 | | | $675.59 (failure to pay) |
| 2007 | 06/30/2008 | | | |
| | 12/06/2010 | $32,099.00 | $4,727.90 | $7,546.00 (accuracy penalty) |
| | 06/04/2012 | | | $5,178.76 (failure to pay) |
| | 06/17/2013 | | | $2,219.48 (failure to pay) |

(ECF Nos. 1 at 3 ¶ 11, 15-1 at 1 ¶ 2, 2 ¶ 4, 3 ¶¶ 10, 12.)

18. Statutory additions and interest have accrued, and continue to accrue, on the assessed amounts. (ECF No. 1 at 4 ¶ 12.)

19. As of June 5, 2018, Defendants' "total tax liability for the 2005 and 2007 tax years, taking into account all appropriate credits, payments, and abatements, is $77,783.87." (ECF No. 15-1 at 2 ¶ 6[1].)

20. Defendants have failed to pay the aforementioned tax assessments after the Government gave them notice and demand for their payment. (ECF No. 1 at 4 ¶ 13.)

21. Because Defendants have not appeared in this action, there is no evidence to refute the Government's allegations and/or evidence as to the amount owed in tax assessments. Therefore, the Government's allegations and/or evidence are sufficient to establish Defendants' responsibility for the outstanding tax assessment described in the Complaint and Motion. Moreover, the Government's allegations and/or evidence support the requested amount.

22. In Count II of the Complaint – Reduce Taxpayers' Unpaid Federal Civil Tax Penalty Liabilities to Judgment, the Government alleges that Defendants "filed frivolous Form 1040s containing information that on the face of the returns indicated that the tax they reported ($0) was substantially incorrect" for the tax years 2004 through 2008. (ECF No. 1 at 4 ¶ 14.)

23. As a result of Defendants filing frivolous Form 1040s, the IRS assessed the following amounts in civil penalties against Defendants pursuant to 26 U.S.C. § 6702:

---

[1] The court observes that "the damages asserted in the Motion for Default Judgment do not differ in kind from the damages asserted in the Complaint, but the specific amounts demanded do differ." *United States v. Carlson*, C/A No. 1:16-CV-02013-AT, 2016 WL 7015694, at *2 n.2 (N.D. Ga. Oct. 26, 2016). Specifically, the amount of each category of loss stated in the Government's Complaint is less than what is requested in the Motion for Default Judgment. (*Compare* ECF No. 15 at 8–9, *with* ECF No. 1 at 6.) The excess amount identified in the Motion is attributable to interest accruing between November 17, 2017, and June 5, 2018, and does not violate Rule 54(c). *See, e.g., Carlson*, 2016 WL 7015694, at *2 n.2 (citing *United States v. Wagner*, No. 2:16-CV-292-FtM-38MRM, 2016 WL 4473471, at *3 (M.D. Fla. Aug. 3, 2016) (noting that Rule 54(c) was not violated when the excess amount demanded in plaintiff's motion for default judgment was attributable solely to interest and penalties that had accrued after the Complaint filing date)).

| Tax Year | Amount Assessed Against Defendant Cathy M. Clark | | |
|---|---|---|---|
| | Date of Assessment | § 6702 Penalty | Interest |
| 2004 | 02/16/2009 | $5,000 | |
| | 08/01/2011 | $5,000 | |
| 2005 | 02/16/2009 | $5,000 | |
| | 08/01/2001 | $5,000 | |
| 2006 | 02/16/2009 | $5,000 | |
| | 08/01/2001 | $5,000 | |
| 2007 | 10/04/2010 | $5,000 | |
| 2008 | 09/05/2011 | $5,000 | |
| | 01/02/2012 | $10,000 | $52.60 |

(ECF No. 1 at 4 ¶ 15.)

| Tax Year | Amount Assessed Against Defendant Jeffrey Clark | | |
|---|---|---|---|
| | Date of Assessment | § 6702 Penalty | Interest |
| 2004 | 02/16/2009 | $5,000 | |
| | 08/01/2011 | $5,000 | |
| 2005 | 02/16/2009 | $5,000 | |
| | 08/01/2001 | $5,000 | |
| 2006 | 02/16/2009 | $5,000 | |
| | 08/01/2001 | $5,000 | |
| 2007 | 08/30/2010 | $5,000 | |
| 2008 | 09/05/2011 | $5,000 | |
| | 01/02/2012 | $10,000 | $52.60 |

(ECF No. 1 at 5 ¶ 16.)

24.     "As of June 5, 2018, Mrs. [Cathy] Clark's total liability for the penalties assessed against her for the 2004-2008 tax years, taking into account all appropriate credits, payments, and abatements, is $57,916.70." (ECF No. 15-1 at 3 ¶ 9 (citing ECF No. 15-1 at 72–74).)

25.     As of June 5, 2018, Mr. [Jeffrey] Clark's total liability for the penalties assessed against him for the 2004-2008 tax years, taking into account all appropriate credits, payments, and abatements, is $64,915.72. (*Id.* ¶ 10 (citing ECF No. 15-1 at 75–77).)

26. Defendants have failed to pay the aforementioned penalty assessments after the Government gave them notice and demand for their payment. (ECF No. 1 at 5 ¶ 17.)

27. Because Defendants have not appeared in this action, there is no evidence to refute the Government's allegations and/or evidence as to the amount owed in penalty assessments. Therefore, the Government's allegations and/or evidence are sufficient to establish Defendants' responsibility for the outstanding penalty assessments described in the Complaint and Motion. Moreover, the Government's allegations and/or evidence support the requested amount.

28. In Count III – Enforcement of Federal Tax Lien Against Defendants' Property, the Government alleges that pursuant to 26 U.S.C. § 6321 liens for unpaid federal taxes "attached to all property and rights to property belonging to Mr. and Mrs. Clark, including the Subject Property." (ECF No. 1 at 5 ¶ 18.)

29. The IRS recorded Notices of Federal Tax Lien against Defendants in Lexington County, South Carolina on the following dates:

| Date Recorded | Taxpayer | Tax Year(s) |
|---|---|---|
| 09/29/2010 | Mrs. Clark | 2004, 2005, 2006 |
| 08/23/2011 | Mr. Clark | 2004, 2005, 2006, 2007 |
|  | Joint | 2005, 2007 |
| 11/18/2011 | Mr. Clark | 2008 |
| 04/06/2015 | Mrs. Clark | 2008 |
| 04/13/2015 | Mrs. Clark | 2007, 2008 |

(ECF No. 1 at 6 ¶ 19.)

30. Pursuant to 26 U.S.C. § 7403,[2] the Government requests that the court "issue an order of sale of the Subject Property and distribute the proceeds to the United States on account

---

[2] "The court shall . . . , in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c).

of its tax liens against [] [D]efendants." (ECF No. 1 at 6 ¶ 20.)

31. The real property which is the subject of the foregoing request by the Government is situated in Lexington County and is more commonly known as 1805 Windmill Road, Leesville, South Carolina 29070 and as more fully described as:

> All that certain piece, parcel, or lot of land, with improvements thereon, situate, lying and being in the County of Lexington, State of South Carolina, located on the eastern side of Windmill Road and being shown and delineated as 3.96 ACRES as shown on a plat of the property prepared for Jimmy L. & Sarah H. Asbill by Cox & Dinkins Surveying, Inc., R.L.S., dated August 30, 1994, and recorded in the Register of Deeds Office for Lexington County in Plat Book 270 at Page 230, with said tract having such metes and bounds as are shown on said plat. The metes and bounds as shown on said plat are incorporated by reference herein.
>
> This being the same property conveyed to Jeffrey Paul Clark and Cathy Moss Clark by that certain deed of Lander D. Ridgeway, II, dated September 8, 2003, and recorded in the office of the Register of Deeds for Lexington County, South Carolina, in Deed Book 8628 at Page 220 on September 10, 2003.
>
> Tax Map No. 005000-05-052

(ECF No. 1 at 2 ¶ 7.)

32. Defendants purchased the Subject Property on September 8, 2003, and hold title in fee simple absolute. (*Id.* ¶ 8.)

33. Defendants have not appeared to assert any claim or defense to the Government's request that the Subject Property be foreclosed.

34. Because Defendants were given notice and a demand for payment of the federal tax liens arising against them jointly for unpaid federal income tax liabilities for 2005 and 2007 and individually for unpaid civil penalty liabilities for 2004–2008, the liens attach to the Subject Property pursuant to 26 U.S.C. § 6321.[3]

---

[3] "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together

## V.   CONCLUSION

Based upon the foregoing, the court hereby **GRANTS** the United States' Motion for Default Judgment (ECF No. 15) and orders as follows:

1. Judgment is entered in favor of the United States and against Defendants Jeffrey P. Clark and Cathy M. Clark on Count I in the amount of $77,783.87 for unpaid federal income taxes, interest, and penalties as of June 5, 2018, for the tax years 2005 and 2007, plus fees and statutory additions thereon as provided by law from June 5, 2018, to the date of payment in full pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621-22.

2. Judgment is entered in favor of the United States and against Defendant Cathy M. Clark on Count II in the amount of $57,916.70 for unpaid federal civil penalties and interest as of June 5, 2018, for the tax years 2004 through 2008, plus fees and statutory additions thereon as provided by law from June 5, 2018, to the date of payment in full pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621-22.

3. Judgment is entered in favor of the United States and against Defendant Jeffrey P. Clark on Count II in the amount of $64,915.72 for unpaid federal civil penalties and interest as of June 5, 2018, for the tax years 2004 through 2008, plus fees and statutory additions thereon as provided by law from June 5, 2018, to the date of payment in full pursuant to 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6621-22.

4. The United States is authorized to sell the Subject Property, free and clear of Defendants Jeffrey P. Clark and Cathy M. Clark's purported interests, at public auction pursuant

---

with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321.

to the decree of foreclosure and order of sale to be submitted to the court by the United States within sixty (60) days of entry of judgment.

5.  The net proceeds of the sale shall be distributed first to the United States for the expenses of the sale and for application to the unpaid tax liabilities of Defendants Jeffrey P. Clark and Cathy M. Clark.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 12, 2019
Columbia, South Carolina