IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:17-cv-03440-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Jeffrey P. Clark and Cathy M. Clark, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DECREE OF FORECLOSURE AND ORDER OF SALE**

This Court, having granted the United States' Motion for Default Judgment (ECF No. 15), authorized the United States to foreclose the federal tax liens associated with the unpaid federal income tax liabilities and civil penalties of Defendants Jeffrey P. Clark and Cathy M. Clark, as specified in the Order and Opinion Granting Default Judgment (ECF No. 17). The tax liens are attached to the real property located at 1805 Windmill Road, Leesville, South Carolina, 29070 (the "Subject Property"), which is further described as follows:

> All that certain piece, parcel, or lot of land, with improvements thereon, situate, lying and being in the County of Lexington, State of South Carolina, located on the eastern side of Windmill Road and being shown and delineated as 3.96 ACRES as shown on a plat of the property prepared for Jimmy L. & Sarah H. Asbill by Cox & Dinkins Surveying, Inc., R.L.S., dated August 30, 1994, and recorded in the Register of Deeds Office for Lexington County in Plat Book 270 at Page 230, with said tract having such metes and bounds as are shown on said plat. The metes and bounds as shown on said plat are incorporated by reference herein.
>
> This being the same property conveyed to Jeffrey Paul Clark and Cathy Moss Clark by that certain deed of Lander D. Ridgeway, II, dated September 8, 2003, and recorded in the office of the Register of Deeds for Lexington County, South Carolina, in Deed Book 8628 at Page 220 on September 10, 2003.
>
> Tax Map No. 005000-05-052

1

The court now **ORDERS** that the Subject Property shall be sold at a judicial sale, pursuant to 26 U.S.C. §§ 7402 and 7403, to collect the unpaid federal income tax liabilities and civil penalties of Jeffrey P. Clark and Cathy M. Clark as follows:

1. The Internal Revenue Service ("IRS"), through its Property Appraisal and Liquidation Specialist ("the PALS"), is authorized, pursuant to 26 U.S.C. §§ 7402 and 7403, to offer for sale at public auction the Subject Property.

2. The Subject Property shall be sold by public auction at a time and place situated in Lexington County, South Carolina, either on the premises itself or at the courthouse for Lexington County, South Carolina, after first being advertised once each week for four (4) consecutive weeks preceding the time fixed for such sales in a daily newspaper of general circulation in Lexington County, South Carolina, and by any other notice that the PALS, in its discretion, deems appropriate. The notice of sale shall contain a description of the Subject Property and shall contain the terms and conditions of sale in this Order.

3. The sale of the Subject Property shall be free and clear of liens or interest of the United States and Defendants Jeffrey P. Clark and Cathy M. Clark.

4. The PALS shall set the minimum bid for the Subject Property. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid.

5. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or certified or cashier's check payable to the Clerk of the United States District Court for the District of South Carolina, between five (5) and twenty-five (25) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this

requirement. No bids will be accepted from any person who has not presented proof that, if he or she is a successful bidder, he or she can make the deposit required by this Order.

6. The balance of the purchase price for the Subject Property shall be paid to the PALS within thirty (30) days after the date the bid is accepted. Payment shall be by a money order or certified or cashier's check payable to the Clerk of the United States District Court for the District of South Carolina. If the successful bidder defaults in any deposit requirement or in payment for the balance of the purchase price, the deposit made by the successful bidder shall be forfeited and retained as part of the proceeds of sale and the Subject Property again shall be offered for sale in the same manner as set forth herein.

7. The IRS or its representative is authorized to have free access to the Subject Property and to take all actions necessary to preserve the Subject Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Subject Property until the deed to the Subject Property is delivered to the ultimate purchaser.

8. Until the Subject Property is sold, Defendants shall take all reasonable steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures, and appurtenances on the Subject Property) in its current condition including, without limitation, maintaining fire and casualty insurance policies on the Subject Property. Defendants shall not commit waste against the Subject Property or cause or permit anyone else, including tenants, to do so. They shall not do anything that tends to reduce the value or marketability of the Subject Property or cause or permit anyone else to do so. They shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Subject Property or that

may tend to deter or discourage potential bidders from participating in the public auction, and they shall not cause or permit anyone else to do so.

9. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within forty-five (45) days of the date of this Order, taking with them their personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Subject Property). Further, all persons occupying the Subject Property shall turn over the keys to the property to the PALS and provide proof of current insurance within forty-five (45) days of the date this Order. If any person occupying the Subject Property fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the IRS is authorized to coordinate with the United States Marshal and his deputies to take all actions that are reasonably necessary to have those persons ejected. If any person fails or refuses to remove his or her personal property from the Subject Property by the time specified herein, the personal property remaining thereafter on the Subject Property is deemed forfeited and abandoned, and the IRS is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied, first, to the expenses of sale, with the balance being distributed as described in paragraph 11, below.

10. The sale of the Subject Property shall be subject to confirmation by this Court. On confirmation of the sale, the PALS shall execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser. Further, on confirmation of the sale, all interests in, liens against, or claims to the Subject Property that are held by the United States, Defendants Jeffrey P. Clark or Cathy M. Clark in this action will be discharged and extinguished.

11. After the sale is confirmed by this court, the proceeds shall be distributed upon motion for disbursement by the United States as follows:

A. First, to the PALS to cover the expenses of the sale, including any expenses incurred to secure or maintain the Subject Property pending sale and confirmation by the court.

B. Second, to the United States for application to the unpaid federal income tax and civil penalty liabilities of Defendants Jeffrey P. Clark and Cathy M. Clark.

C. The remaining proceeds, if any, shall be distributed to Defendants Jeffrey P. Clark and Cathy M. Clark.

12. After the distribution of the proceeds from the sale of the Subject Property, the recorder of deeds for Lexington County, South Carolina, shall proceed to record the deed in favor of the purchaser. As a term and condition of the sale, the purchaser shall bear the responsibility for recording the deeds with the office of the Register of Deeds for Lexington County, South Carolina, and the payments of all costs, fees, and taxes of whatever kind related to the recording of the deeds.

13. This court retains jurisdiction over this case for purposes of entering all further orders as may be appropriate.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 9, 2019
Columbia, South Carolina